## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. STEVEN C. MANNION |
| | : | |
| v. | : | Mag. No. 17-6060 |
| | : | |
| ANDREW HINTON | : | **CRIMINAL COMPLAINT** |

I, Christopher O'Brien, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives and that this complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

_____
Special Agent Christopher O'Brien
United States Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and subscribed in my presence,

May 12, 2017          3:33pcm.        at    Essex County, New Jersey
Date                                          County and State

HONORABLE STEVEN C. MANNION          _____
UNITED STATES MAGISTRATE JUDGE       Signature of Judicial Officer

## ATTACHMENT A

### COUNT ONE
(Possession of a Firearm by a Convicted Felon)

On or about March 26, 2017, in Essex County, in the District of New Jersey and elsewhere, the defendant,

### ANDREW  HINTON,

having been convicted of a crime punishable by imprisonment for a term exceeding one year in the Superior Court of New Jersey, Monmouth County, did knowingly possess in and affecting commerce a firearm, namely a loaded Colt Python .375 revolver, which had been stolen, bearing serial number K19 211,

In violation of Title 18, United States Code, Section 922(g)(1).

## ATTACHMENT B

I, Christopher O'Brien, am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.      On or about March 26, 2017, at approximately 9:50 p.m., detectives assigned to the New Jersey State Police Crime Suppression North Unit, dressed in plain clothes and driving two unmarked troop cars, were on patrol in the Upper Clinton Hill neighborhood of Newark, New Jersey.

2.      During the patrol, detectives saw two men standing on the porch in front of 196 Seymour Avenue. One of the men, later identified as defendant Andrew Hinton ("HINTON"), came down from the porch towards the sidewalk and met with a third unidentified man. HINTON handed the man a small object in exchange for cash. Based on their training and experience, the detectives recognized the exchange as a hand-to-hand narcotics transaction.

3.      One of the detectives illuminated HINTON with his flashlight and shouted, in sum and substance, Stop Police! HINTON looked at the detectives and then turned around and ran up the stairs into 196 Seymour Avenue. The detectives chased HINTON into the common area of the multi-family residence. As HINTON ran up the stairs, certain of the detectives saw HINTON grabbing for an object, which the detectives believed to be a gun, near the waistband of his pants with his right hand.

4.      The detectives quickly caught up to HINTON, who struggled with the officers and resisted arrest. During the struggle, HINTON reached for his waistband, attempting to retrieve the gun, which was now visible to the detectives. HINTON refused to comply with the detectives' instructions, in sum and substance, to stop resisting, let go of the gun and give us your hands. HINTON swung his left hand violently, striking the detectives. After the detectives wrestled HINTON to the ground, he rolled onto his left side, at which point one of the Detectives removed a loaded Colt Python .375 revolver from the waistband of HINTON's pants. HINTON continued to struggle as the detectives handcuffed him.

5.      HINTON was arrested and transported to the police station. After being advised of and waiving *Miranda* rights, HINTON admitted that the gun was his and that he had purchased it for protection.

6.    The Colt Python .375 revolver HINTON had in the waistband of his pants was loaded with six rounds, five of which were hollow point bullets.  A check of the serial number, SN K19 211, revealed that the gun had been reported stolen.

7.    Before being recovered in New Jersey on or about March 26, 2017, the firearm moved in interstate commerce.  The firearm is operable and is designed to expel a projectile by the action of an explosive.

8.    On or about May 24, 2010, HINTON was convicted in the Superior Court of New Jersey, Monmouth County, of, among other things, manufacturing, distributing, or dispensing a controlled dangerous substance (heroin), in violation of N.J.S.A. 2C:35-5B(3), a crime punishable by imprisonment for a term exceeding one year.